IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHONTA McPHERSON,              )<br>                    Petitioner,      )<br>                                         )<br>        v.                                  )<br>                                         )<br>ARCHIE B. LONGLEY, et al.,    )<br>                    Respondents.   ) | Civil Action No. 11-69 Erie<br><br>Magistrate Judge Susan Paradise Baxter |

### OPINION AND ORDER[1]

Pending before the Court is Petitioner Shonta McPherson's petition for a writ of habeas corpus, which he has filed pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Court will deny the petition.

### I.

Petitioner is challenging the Bureau of Prisons' (the "Bureau's" or the "BOP's") computation of his federal sentence. He claims that he is entitled to additional sentencing credit pursuant to Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993). As relief, he seeks credit against his federal sentence for time spent in state custody from April 6, 2004 to November 29, 2005. [ECF No. 7 at 5-6].

**A.     Relevant Background**

On July 30, 2003, Petitioner was arrested in Connecticut by New Haven Police and charged with Sale of Narcotics. On April 6, 2004, the New Haven Superior Court sentenced him in Case No. N23N-CR03-0019647-S to 8 years' imprisonment with 54 months to serve.

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

In a subsequent federal criminal case, Petitioner pleaded guilty in the U.S. District Court for the District of Connecticut to Conspiracy to Possess more than 50 Grams of a Mixture and Substance Containing a Detectable Amount of Cocaine Base, in violation of 21 U.S.C. § 846, for an offense deemed to have concluded on April 20, 2004.  On November 29, 2005, that court sentenced him as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total of 150 months on count one to be served concurrent with [the] term the defendant is presently serving on his state sentence.

(Resp's Ex. 2b).  Following his federal sentencing, the United States Marshals Service ("USMS") returned him to the state authorities in satisfaction of the federal writ.

The state released Petitioner to a federal detainer on October 3, 2008.  The BOP has calculated his federal sentence to have commenced pursuant to 18 U.S.C. § 3585(a) on the date it was imposed (November 29, 2005).  It has also determined that, pursuant to 18 U.S.C. § 3585(b), he is not entitled to any sentencing credit for the time he spent in official detention prior to the date his federal sentence commenced because he received credit for that time against his state sentence.  Assuming that he receives all good conduct time available to him, his projected release date is February 17, 2017.  (Resp's Ex. 1a).

Petitioner challenged the BOP's calculation of his federal sentence through its administrative review procedure.  (Resp's Ex. 1b).  He did not receive the relief he sought.  Thereafter, he commenced this proceeding by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ECF No. 7], to which Respondent has filed an Answer [ECF No. 12], which was supplemented on July 12, 2012. [ECF Nos. 14, 15].

**B.     Discussion**

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2241(c)(3). The following statutes are relevant to the evaluation of the petition: 18 U.S.C. § 3585(a), which governs the date upon which a federal sentence commences; and, 18 U.S.C. § 3585(b), which governs the amount of sentencing credit that an inmate may receive for time served in official detention prior to the commencement of his federal sentence. The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual ("PS 5880.28"). Also relevant to this case is Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence ("PS 5160.05").[2]

> 1.     **Calculation of the date upon which a federal sentence commences under 18 U.S.C. § 3585(a)**

Section 3585(a) governs the date a federal sentence commences, and it provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

Because the statute provides that a sentence commences when an inmate is produced or received for service of his *federal sentence*, the BOP will not commence a sentence earlier than the date on which it is imposed. (Resp's Ex. 2, ¶ 7). See also PS 5880.28, Chapt. 1, Page 13. Thus, a federal sentence

---

[2] BOP Program Statements are internal agency guidelines, and in many cases the policies set forth therein are "akin to an interpretive rule." Reno v. Koray, 515 U.S. 50, 61 (1995). The BOP policies at issue in this case are contained in a Program Statement and are not also published in any federal regulation, and thus are not subject to public notice and comment before adoption. Therefore, they are not entitled to the deference described in Chevron U.S.A. v. National Resources Defense Council, 467 U.S. 837 (1984). They are, however, entitled to "some deference" from this Court so long as they set forth "a permissible construction of" the statutes at issue. Blood v. Bledsoe, 648 F.3d 203, 208 (3d Cir. 2011), cert. denied, 132 S.Ct. 1068 (2012).

3

cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served. PS 5880.28, Chapt. 1, Page 13. See also United States v. LaBeille-Soto, 163 F.3d 93, 98 (2nd Cir. 1998) ("We see nothing in [§ 3585(a)] to indicate that the court is permitted to order that the sentence be deemed to have commenced on an earlier date. Indeed, the determination of the precise date on which a sentence begins appears to have been intended to be a ministerial decision that depends on the timing of the defendant's arrival at the appropriate place with respect to the sentence that is to be served, and we have held that after a defendant is sentenced, it falls to the BOP, not the district judge, to determine when a sentence is deemed to commence[.]") (internal quotations and brackets omitted); Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983) ("[A] federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with the remainder of the one then being served."); DeMartino v. Thompson, No. 96-6322, 1997 WL 362260, *2 (10th Cir. July 1, 1997) ("Logically, a [federal sentence] cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir.1980)).[3]

---

[3] By way of further explanation, oftentimes, as in the instant case, an inmate is subject to multiple sentences, *e.g.*, at the time his federal sentence is imposed he is or will soon be subject to a state sentence. In such cases, the federal and state governments must resolve where and/or in what order the inmate will serve his multiple sentences. At common law the "primary custody" doctrine developed to assist the sovereigns in making these determinations and to provide an orderly method by which to prosecute and incarcerate an individual that violated the law of more than one sovereign. That doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction. See, e.g., Bowman v. Wilson, 672 F.2d 1145, 1153-54 (3d Cir. 1982). Primary custody remains vested in the sovereign that first arrests the individual until it relinquishes its priority by, *e.g.*, granting bail, dismissing the charges, releasing the individual to parole or at the expiration of his sentence. See, e.g., George v. Longley, 463 F.App'x 136, 138 n.4 (3d Cir. 2012) (per curiam).
    The BOP has incorporated the common law primary custody doctrine into its policies. Thus, if the federal government has primary custody of an inmate on the date his federal sentence is imposed, the federal government is entitled to have that inmate serve his federal sentence upon imposition. In such a case, the BOP will designate the inmate to a federal detention facility for service of the federal sentence and will calculate his federal sentence to have commenced on the date the federal sentencing court imposed it, even if at that same time the inmate is serving a concurrent state sentence. PS 5880.28, Chapt. 1, Pages 12-13.

In this case, the District Court for the District of Connecticut directed that Petitioner's federal sentence run concurrent with his state sentence. It is not disputed that on the date the sentencing court imposed its sentence (November 29, 2005) Petitioner was: (1) in primary state custody and "on loan" to federal authorities pursuant to a writ of habeas corpus *ad prosequendum*; and, (2) that while on loan to federal authorities he was serving his state undischarged term of imprisonment, which had been imposed by the New Haven Superior Court on April 6, 2004.

For inmates in Petitioner's circumstance (who are in primary custody of the state at the time the federal sentencing court imposed a concurrent federal sentence) the USMS will, after federal sentencing, return the inmate to the state in satisfaction of the writ of habeas corpus *ad prosequendum*. When the state subsequently releases the inmate to federal custody, the BOP will calculate the inmate's sentence to have commenced on the date the federal district court imposed it. For the time the inmate spent in state custody after the date of imposition of his federal sentence, the BOP will designate the state facility as the place of service of the federal sentence pursuant to its authority under 18 U.S.C. § 3621(b). This "nunc pro tunc" designation also allows the federal sentence to commence upon imposition. See footnote 3, *supra*; PS 5880.28, Chapt. 1, Page 13, 32A-33; PS 5160.05, Pages 2-12.

The BOP followed its procedures in Petitioner's case. It designated the state facility where Petitioner was serving his state sentence as the official detention facility at which he was to commence service of his federal sentence. (Resp's Ex. 2e). Further, the BOP computed Petitioner's federal sentence to have commenced on November 29, 2005 – the date the federal sentencing court imposed it.

---

If, as was the case here, the inmate is in the primary custody of the state and the federal sentencing court orders that he serve his federal sentence concurrently with any state sentence, the BOP will return custody of the inmate to the state, commence the federal sentence, and designate the state facility as the place of service of the federal sentence pursuant to its authority under 18 U.S.C. § 3621(b). PS 5880.28, Chapt. 1, Page 13, 32A-33; PS 5160.05, Pages 2-12. If an inmate is in the primary custody of the state when his federal sentence is imposed and if his federal sentence is consecutive to any state sentence, the inmate will be returned to the state after federal sentencing. The BOP will commence the inmate's federal sentence under § 3585(a) when the state relinquishes its priority and releases him to federal custody. PS 5880.28, Chapt. 1, Pages 12-13, 31-33; see also PS 5160.05, Pages 2-12.

As a result, the BOP commenced Petitioner's sentence on the earliest date that his sentence could commence.

    **2.    Calculation of whether Petitioner is entitled to credit for any time he spent in official detention prior to the date his federal sentence commenced**

Section 3585(b) provides:

*A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –*

(1)    as a result of the offense for which the sentence was imposed; or

(2)    as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*That has not been credited against another sentence.*

(Emphasis added).

The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. United States v. Wilson, 503 U.S. 329, 337 (1992) (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). Thus, the BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. See, e.g., Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2001), *abrogated in part on other grounds by statute*; United States v. Vega, 493 F.3d 310, 314 (3d Cir. 2007).

For purposes of Petitioner's federal sentence computation, the conduct connected with his federal offense was deemed to have concluded on April 20, 2004. (Resp's Ex. 2b). [See also ECF No. 14 at 5]. Under § 3585(b)(2), only time that he served in official detention from that date through November 28, 2005 (the day before his federal sentence commenced), may be considered for treatment as federal presentence credit § 3585(b). The BOP has determined that he is not entitled to any credit under

6

§ 3585(b) because all of the time that he served in official detention during the relevant time period was credited against his state sentence. (Resp's Ex. 2c). Accordingly, the BOP is statutorily precluded from granting Petitioner any prior custody credit under § 3585(b) for any time he spent in official detention prior to the commencement of his federal sentence on November 29, 2005. Rios, 201 F.3d at 271-76; Vega, 493 F.3d at 314 (the BOP did not err when it disallowed credit under § 3585(b) because the time at issue had been credited against the petitioner's state sentence).

Petitioner contends that he is entitled to additional sentencing "Kayfez" credit pursuant to the BOP's limited exception to § 3585(b)'s rule against double credit (which is named after the decision that prompted the creation of the exception, Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993)). BOP policy provides that it will award Kayfez credit if the following conditions are present: (1) the non-federal and federal sentences are concurrent; (2) the Raw Effective Full Term ("EFT") date of the non-federal term is later than the Raw EFT of the federal term; and, (3) the non-federal Raw EFT, after application of qualified non-federal presentence time, is reduced to a date that is earlier than the federal Raw EFT. PS 5880.28, Chapt. 1, Pages 22B-22C; Declaration of Kinda Flagg, Management Analyst with the BOP, at ¶ 4 (filed at ECF No. 15).

The Raw EFT is the full term date of a sentence without reference to prior custody credit or good conduct time. It is determined by adding the length of the sentence imposed to the commencement date of the sentence. PS 5880.28, Chapt. 1, Page 14; Flagg Decl. at ¶ 5. Petitioner's Raw EFT of his non-federal term is April 5, 2012, and his RAW EFT for his federal term is May 28, 2018. See the BOP's Willis/Kayfez Calculation Worksheet for Petitioner, filed at ECF No. 14-2 at 2. Qualified non-federal presentence time is the amount of time in non-federal presentence detention after the date of the federal offense conduct until the date of the commencement of either the non-federal or federal sentence, whichever is earlier. PS 5880.28, Chapt. 1, Page 14A; Flagg Decl. at ¶ 6. Petitioner had no qualified

non-federal presentence time, since his state sentence was imposed on April 6, 2004. See the BOP's Willis/Kayfez Calculation Worksheet for Petitioner, ECF No. 14-2 at 2.

The BOP determined that Petitioner does not qualify for Kayfez credit because his circumstance only satisfies the first of the three conditions required to be present in order to receive such credit. Specifically, although Petitioner's (1) non-federal and federal sentences are concurrent; (2) the Raw EFT date of his non-federal term (April 5, 2012) is **not** later than the Raw EFT of his federal term (May 28, 2018); and the (3) non-federal Raw EFT (April 5, 2012), after application of qualified non-federal presentence time (none), **does not** reduce to a date that is earlier than the federal Raw EFT (May 28, 2012). See the BOP's Willis/Kayfez Calculation Worksheet for Petitioner, ECF No. 14-2 at 2.[4]

There is no basis for this Court to disturb the BOP's calculation of Kayfez credit in Petitioner's case. Accordingly, his contention that he is entitled to Kayfez credit must be denied.

## C.     **Certificate of Appealability**

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

---

[4]     As Respondent explains, even if the BOP were to adjust the date of Petitioner's federal offense as having concluded on the date he was taken into custody (April 6, 2004), the result would be the same. [ECF No. 14 at 2-4]. See also the BOP's Willis/Kayfez Calculation Worksheet for Petitioner using April 6, 2004, as date the federal offense concluded, filed at ECF No. 14-6 at 2-3.

**II.**

For the foregoing reasons, the petition for a writ of habeas corpus will be denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHONTA McPHERSON, | ) | |
|     Petitioner, | ) | Civil Action No. 11-69 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| ARCHIE B. LONGLEY, et al., | ) | |
|     Respondents. | ) | |

## ORDER

AND NOW, this 10th day of September, 2012;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DENIED. The Clerk of Courts is hereby directed to close this case.

                                        /s/ Susan Paradise Baxter
                                        SUSAN PARADISE BAXTER
                                        United States Magistrate Judge

cc:    Notice by ECF to counsel of record and by U.S. mail to Petitioner at his address of record